38 85
38a 127

———◦◦◦———

JOHN DEITZ, Respondent, *v.* MOUND CITY MUTUAL FIRE AND LIFE INSURANCE COMPANY, Appellant.

*Insurance—Policy—Conditions.*—The terms of a policy provided, that it should be void in case of any other insurance not mentioned or endorsed on the policy, or in case of any subsequent insurance without notice to the insurer and endorsed upon the policy, or the notice acknowledged in writing. Such stipulations were a condition precedent to any right of recovery upon the policy. Where the application stated that an insurance then on the property would expire at a certain date, and would not be renewed, and the insured subsequently renewed said insurance, having violated the conditions, he cannot recover upon the policy.

*Appeal from St. Louis Circuit Court.*

The facts sufficiently appear in the opinion.

The plaintiff asked and the court gave the following instructions :

1. If the jury believe from the evidence that the plaintiff lost by fire, as charged in the petition, the property therein described, and that said property was of the value of six thousand dollars or more, and that all subsequent insurance was notified by plaintiff to defendant, and assented to in writing by the defendant or its duly authorized agent, then they will find for the plaintiff the amount claimed in the petition, and interest thereon from the 28th day of December, 1858.

2. If the jury find from the evidence that the plaintiff lost by fire, as charged in the petition, the property therein described, and that said property so destroyed was worth over

four thousand dollars, and less than six thousand dollars ; and that all subsequent insurance was notified by plaintiff to defendant, and assented to in writing by defendant or its duly authorized agent, then they will find for the plaintiff the amount of such loss over four thousand dollars, and interest thereon from the 28th day of December, 1858, not exceeding the amount of the policy.

3. If the defendant consented to receive the insurance premium after the fire, and after notice of such subsequent insurance, a subsequent tender and offer to return this insurance premium can avail it nothing.

4. The authority of the agent is limited, not by the instructions he may receive from his principal, but by the acts which he performs, or undertakes to perform, within the general scope of what third persons may have good reason to believe to be his authority.

5. If Hulse, as the agent of the defendant, undertook to procure the written assent of defendant to such subsequent insurance, and by his acts as such agent held out to plaintiff that he had procured such assent, the defendant is bound by this, and cannot deny such notice.

To the giving of all and each of said instructions the defendant then and there objected and excepted.

The defendant asked and the court gave the following instructions :

1. If the jury find from the evidence that the thirty-six dollars collected as an assessment from the plaintiff was collected by mistake, and that defendant, upon discovering the mistake, tendered the said thirty-six dollars back to the plaintiff, then the said original collection of said assessment has no effect upon the issues and merits of this case.

2. If the jury find that on the 30th day of January, 1858, the plaintiff procured the policy read in evidence from the Pacific Insurance Company, for one year from and after the 30th day of January, 1858, until the 30th day of January, 1859, then it became the duty of the plaintiff forthwith to give notice of such insurance to the defendant, and have

the same endorsed on the policy sued on, or otherwise acknowledged by the defendant in writing ; and if the plaintiff failed to procure such endorsement in writing on the policy sued on, or to procure the said acknowledgment thereof in writing by the defendant, then the policy sued on is void, and the jury ought to find a verdict for the defendant.

3. The statements of Dietz to Hulse, the agent of the defendant, at the time of the application for insurance, unless contained in the said application, are not evidence binding upon the defendant in regard to any facts stated in the application ; and any statement in the application different from that testified to by Hulse, the defendant's agent, must control and determine the fact to be as stated in the application ; and by the terms of the application, the defendant is not bound by any statement made by the plaintiff to Hulse, the agent, which is not contained in the application as reduced to writing, and read in evidence in this cause.

4. The fact that Dietz notified Hulse, the agent of the defendant, at Weston, of the subsequent insurance in the Pacific Insurance Company, is not a compliance with the conditions of the policy concerning subsequent insurance ; and unless the jury can find from the evidence that said Dietz obtained from the defendant an endorsement on the policy sued on, of the said subsequent insurance, or an acknowledgment thereof by the defendant in writing, then the jury will find a verdict for the defendant.

5. The fact that said Dietz could not read or write the English language has no effect or bearing upon the questions at law in this case, but the said Dietz is and was bound to perform all the conditions of the insurance and of the policy as to warranty, and as to the endorsement of subsequent insurance on the policy by defendant, or the acknowledgment thereof in writing, notwithstanding he was unable to read or write the English language.

The defendant asked the following other instructions, which were refused :

1. If the jury find from the evidence that John Dietz

signed his name to the application for insurance under the policy sued on, and that it was stated in said application that three thousand dollars insurance in the St. Louis Insurance Company, policy expiring 31st January, 1858, will not be renewed; and if the jury further find from the evidence that the said policy in the St. Louis Insurance Company was renewed from the 1st of January, 1858, to the 31st of January, 1859, then the jury will find for the defendant in this case.

2. The application is a part of the policy of insurance, and the plaintiff having sued on the policy, and having also read the same in evidence, has admitted the genuineness of the said application on which the policy sued on was issued.

3. The renewal of the policy in the St. Louis Insurance Company, read in evidence to the jury, is conclusive evidence of the fact of such renewal, and the jury is bound so to regard it.

4. The issuing of the policy by the Pacific Insurance Company, read in this cause as evidence to the jury, is conclusive evidence of the fact that such policy was issued to the plaintiff, and the jury is bound so to regard it.

5. The collection of the assessment from the defendant, after the fire, is not a waiver of the warranty or of the conditions of subsequent insurance as stated in the pleadings.

6. The opinions of Hulse, given after the fire, as to the liability of the defendant or the grounds of the defence, are not any evidence competent in this cause, and the jury is directed to disregard them, and to give no weight to the statements of said opinions.

*B. A. Hill*, for appellant.

I. The plaintiff, after the making of the policy sued on, violated the conditions of the policy by effecting other insurance in the Pacific Insurance Company, on the 30th day of January, 1858, without giving this defendant notice of such subsequent insurance, and having the same endorsed in writing on the policy. This is a bar to this action.

*a.* The court erred in instructing the jury that notice to Hulse, an agent, without procuring the written consent of the defendant, was sufficient to avoid the condition requiring the endorsement on the policy, or acknowledgment in writing—Hutchinson v. West. Ins. Co., 21 Mo. 97 ; 14 N. Y. 418 ; 9 Cush. 470 ; 11 Cush. 265 ; 12 Cush. 144 ; 6 Gray, 169.

*b.* Hulse never sent any written or other notice to defendant of any subsequent insurance by Dietz.

II. Plaintiff has violated his warranty in this, that by the application, which is made a part of the policy, he warranted that he would not renew an existing insurance in the St. Louis Insurance Company for $3,000 ; and the plaintiff, notwithstanding his said warranty, did renew said insurance, on the 31st January, 1858, in the St. Louis Insurance Company, for $3,000, and did thereby avoid the policy sued on.

The court below erred in refusing to give the instructions asked upon the two foregoing propositions. The court, in refusing to instruct the jury that this warranty not to renew in the St. Louis Insurance Company was not binding on defendant, committed gross error—Nave et al. v. Home Mut. Ins. Co., 37 Mo. 430 ; 3 Seld. N. Y. 530 ; 3 Hill, 501. Materiality of warranty not material—2 Denio, 75 ; Nicol v. Am. Ins. Co., 3 Wood. & Min. C. C., U. S. 529 (1847) ; Murdoch v. Chen. Co. Mut. Ins. Co., 2 Com. N. Y. 210 (1849) ; Kennedy v. Ins. Co., 10 Barb. 285 (1851) ; Glend. Wool. Co. v. Prot. Ins. Co., 21 Conn. 19 (1851) ; Sayler v. Nor. West Ins. Co., 2 Curt. C. C., U. S. 612 (1856) ; Carpenter v. Am. Ins. Co., 1 Sto. C. C., U. S. 57 (1839).

On both points the court erred, and the judgment should be reversed. Party plaintiff denies that the application is the same one on which the policy was issued.

III. The statement of the opinions of Hulse are not evidence, if made after the fire. The court erred in refusing to give the instruction (last one) that the opinions of Hulse, given after the fire, as to the liability of the defendant or the grounds of the defence, are not any evidence competent in

this cause, and the jury is directed to disregard them, and to give no weight to the statement of said opinions. After the fire, the rights of parties were fixed, without regard to the opinion of Hulse.

IV. The agency of Hulse is well determined by the charter, by-laws and conditions of insurance, and the contract in the application. The opinions of third persons as to the agency, or power, or extent of authority of Hulse, cannot prevail against the plain, written contract in the application and policy. Collection of assessment is no defence to breach of warranty—5 Denio, 154.

*C. F. Burnes,* for respondent.

HOLMES, Judge, delivered the opinion of the court.

This was a suit brought upon a policy of insurance. The defence was, first, that a subsequent additional insurance in another company had not been notified to the defendant, and neither endorsed on the policy or acknowledged in writing by the company, as required by the conditions of the policy; and second, that there had been a renewal of a policy on the same property in another office after the expiration thereof, in violation of the express terms of the plaintiff's written application, and in breach of the warranty contained and implied in the policy. The charter, application, by-laws, and conditions of insurance, annexed to the policy, were therein declared to form a part of the policy. The conditions required that, in case any other insurance should not be notified to the company, and mentioned in or endorsed upon the policy, then the insurance should be void; and further, that if the assured should thereafter make any other insurance on the same property, and should not forthwith give notice thereof to the company, and have the same endorsed on the policy, or otherwise acknowledged by them in writing, the policy should cease to have effect. The charter provided that the board of directors should determine the rate of insurance, the sum to be insured on any

building not to exceed two-thirds of its value, nor one-half of the value of personal property ; and that insurance should be made, in all cases, upon the representations of the assured contained in his application therefor. This insurance was upon a stock of furniture, matresses and coffins, contained in a building occupied as a furniture store, in the city of Weston, in this State. The plaintiff's application, made through the company's agent at Weston, was for an insurance of $4,000 on this property. In answer to the question what other insurance the applicant had on the property, it was therein stated that he had an insurance of $3,000 in the St. Louis Insurance Company, on a policy which would expire on the 31st of January, 1858, and that it would not be renewed, and that there was a like amount of insurance in another company, which would be renewed. The application was accepted for the sum of $2,000 only, and the policy sued on here was issued, and accepted by the plaintiff for that amount. When the policy of the St. Louis Insurance Company expired, it was renewed for another year, and some two months after the date of the policy here sued on, the plaintiff effected an additional insurance in the Pacific Insurance Company for the sum of $1,000, for one year from date. Neither this renewal nor the additional insurance was ever endorsed on this policy; nor was any acknowledgment in writing of notice thereof, and of the consent of the company thereto, ever actually delivered to the plaintiff, nor communicated to any agent of the plaintiff ; nor was any such written acknowledgment produced in evidence. These other insurances were in force when the loss occurred ; and these stipulations were a condition precedent to any right of recovery on the policy—Hutchinson v. West. Ins. Co., 21 Mo. 97.

The plaintiff endeavored to prove such acknowledgment by the agent at Weston. He testified that when the plaintiff applied to him, at Weston, for this insurance, he stated to witness the amount of his insurance in other offices, and showed him his policies, and that this notice of other

insurance so given to him was by him transmitted to the company at St. Louis, and by them acknowledged, and that the plaintiff's application, in consequence thereof, had been reduced to $2,000. He further stated that the plaintiff, at the time when he made his application for insurance for $4,000, expressed his intention, if his application was grant-ed as applied for, to permit his other policies to expire by limitation, but that as his application was reduced by the company, he renewed or took other insurance from other offices ; and he said further, that the plaintiff, after procur-ing the additional insurance, called on him, at his. office in Weston, and made known to him the fact, that he did not recollect the amount, but thought the amount of the insur-ance altogether was about the same then as when the de-fendant's policy was granted ; but he does not say that even this information was notified to the company at all, much less that their acknowledgment or consent was procured in writing.

It is plain that the first part of this testimony relates to a time anterior to the acceptance of this policy by the plaintiff. Whatever such verbal statements may have been, or whether the transmission of notice or information of them by the agent to the company was acknowledged or not to the agent, they cannot be admitted to have any effect to alter, modify or contradict the express terms of the application and the policy. It matters not that the application was not accept-ed for the whole amount ; the policy that was issued thereon for $2,000 only was accepted by the plaintiff. His rights must be determined by his written contract. It was express-ly provided in the application itself, signed by the plaintiff, that the company would not be bound by any statements made to the agent, not contained in the application. This testimony, as tending to vary or contradict the written in-struments, was wholly inadmissible, and should have been excluded upon the defendant's objection. But neither this part of the testimony nor the other statements amounted to anything when admitted. The evidence did not show, nor

tend to prove, either an endorsement on the policy or an acknowledgment in writing on the part of the defendant, made and communicated to the plaintiff by the company or by any agent of the company, at any time. The mere fact that the plaintiff, when he had some two months afterwards renewed one policy and obtained another, contrary to the express warranty contained in his policy, called upon the agent at Weston and gave him verbal information thereof, could be of no sort of importance. It could have no effect upon the defendant unless notified to them, and either endorsed on the policy or acknowledged in writing to the assured in such way as to signify the consent of the company thereto. No evidence to this effect was ever offered by the plaintiff.

On the part of the defendant, the secretary of the company testified that no other application had been made by the plaintiff, and he produced what he stated to be all the letters which the company had received from the agent at Weston, among which was one dated after the loss, in which the agent says he " would like to know upon what ground your refusal to pay Dietz's claim is based. It is said here that it is because you were not notified of his having other insurance. I cannot credit this, as I have your letter acknowledging such notice, and offering that as an excuse for cutting down the amount of his policy." This evidence being introduced by the defendant, may be taken for what it is worth ; but it is plain it cannot refer to any other time or notice than that already spoken of by the agent in his testimony, which must have been anterior to the plaintiff's acceptance of this policy ; otherwise, it could not have been an excuse for cutting down the amount of his application. Moreover, it did not specify what other insurances were referred to, nor does it say there was any notice given of this particular renewal, or of this additional insurance. Nor does it tend to prove any acknowledgment in writing by the defendant to the plaintiff directly, or through the agent, of such renewal or new insurance. The mere fact that the information was transmit-

ted by the agent to the company, and that the receipt of his letter was acknowledged to their own agent, would not amount to an acknowledgment in writing to the plaintiff here. If it could be proved that this agent was acting as the agent of both parties, that he sent a notice to the company on behalf of the assured, and that the company acknowledged such notice in a letter addressed to him as the agent of the other party, and thereby expressed the consent of the company thereto, though that letter may not have been delivered into the hands of the plaintiff, such letter might be admissible evidence, and it might possibly be a sufficient acknowledgment; but of this we are not called upon to decide now. When such letter is produced or proved, it will be time to pass upon that question.

In this view of the case, it will be unnecessary to examine the instructions in detail. It will be sufficient to say of the instructions given for the plaintiff, that there was no evidence before the jury which could warrant the giving of them. The instruction first refused for the defendant should have been given.

Judgment reversed and the cause remanded. Judge Wagner concurs; Judge Lovelace not sitting.