### FREDERICK W. TREADWAY *vs.* HAMILTON MUTUAL INSURANCE COMPANY.

The plaintiff was insured in a mutual insurance company, by a policy which contained an express condition that the provisions of the by-laws should be a part of the contract of insurance. The by-laws provided that the written application for insurance should be a part of the policy and should be held to be a warranty on the part of the insured, and that the policy should be void unless the true title and interest of the insured were stated in the application and all incumbrances on the property disclosed, and unless the applicant should make a true statement of all facts inquired for in the application. The application contained the following inquiry: "Whose is the property insured, and is it incumbered, and for how much? state the true title and interest." To this the plaintiff had replied: "Owned by me; incumbered to several; about $6,000." There were in fact mortgages on the property to the amount of $13,000, and the plaintiff had conveyed all his remaining interest to his brother by an absolute deed, both the deed and the mortgages appearing on the public records. The mortgages however, beyond the $6,000, and the deed to the plaintiff's brother, were given without consideration and for the purpose of defrauding creditors, and the brother had agreed to reconvey the title whenever requested. Held, 1. That the answer of the plaintiff was to be taken as a warranty. 2. That the conveyances being good between the parties, the property was to be considered as incumbered beyond the amount stated by the plaintiff, and the plaintiff as having no title or insurable interest. 3. That there could therefore be no recovery on the policy.

Held also, that the representation of the plaintiff with regard to the ownership of the property by him, was not relieved by the fact that the deed to his brother was made and placed on record without the knowledge of the latter, and that on being informed of the fact the grantee at first refused to receive it, and afterwards only agreed that the title might remain in him to be reconveyed whenever the plaintiff should desire; the deed being good between the parties, and the right to a reconveyance being one which a court of equity would not enforce.

The insurance company being a mutual one, and the plaintiff by insuring therein becoming a member of the corporation, he was bound, aside from the express provision of the policy, to take notice of the by-laws of the company.

ASSUMPSIT, on a policy of insurance. On the trial in the superior court, after the plaintiff's evidence was in, the defendants moved for a nonsuit of the plaintiff, which the court granted. The plaintiff afterwards moved that the nonsuit be set aside, but the court refused to grant the motion, and the plaintiff brought the case before this court by motion in error. The motion set out the entire evidence, but as the case was decided here upon a single point, which can be sufficiently understood from the facts stated in the opinion, the statement of the evidence is omitted.

*Hovey* and *Child*, for the plaintiff.

*J. B. Peabody*, of Massachusetts, and *Halsey*, for the defendants.

SANFORD, J. The defendant is a mutual insurance company, incorporated by the legislature of Massachusetts. By the reception of his policy the plaintiff became a member of that corporation, and, as such member, was bound to take notice of and observe its by-laws. Angell on Ins., § 10. Upon the face of the policy also, the conditions and regulations of the charter and by-laws of the company are declared to be a part of the contract of insurance. The sixth article of the by-laws provides that the application upon which a policy is founded shall be held to be a warranty on the part of the insured, and as absolutely a part of said policy and of the contract of insurance as if it were actually incorporated therein in full. The twelfth provides that " any policy issued by this company shall be void, unless the true title and interest of the assured be expressed in the proposal or application for insurance, and unless all incumbrances and the amount and nature thereof be therein disclosed." And the thirteenth further provides that " unless the applicant for insurance shall make a correct de-

scription and statement of all facts required, or enquired for, in the application, and also all other facts material in reference to the insurance or to the risk or the value of the property, the policy issued thereon shall be void."

In view of these explicit provisions of the policy and of the by-laws, it is clear that the nonsuit was rightly ordered by the superior court.

To the first inquiry contained in the plaintiff's application—to wit: " Whose is the property to be insured, and where situated ?—the plaintiff replied: " A brick building on Water street in the city of Norwich owned by me." To the fourteenth inquiry—to wit: " If the property is incumbered, state for how much, and to whom; state the true title and interest;" the plaintiff replied: "To several; about six thousand dollars." The testimony detailed in the motion shows that before the making of his application the plaintiff had incumbered the property to the amount of thirteen thousand two hundred and thirty-one dollars; and then had conveyed all his remaining interest in it to his brother, J. W. Treadway, by an absolute deed. So far therefore from having in his application made a correct description and statement of all facts required or enquired for therein, so far from having stated his true title to and interest in the property, as required by the conditions of the policy and the by-laws of the company, the plaintiff's answers were absolutely false, and he had no insurable interest in the property which a court of justice could recognize or protect.

It is true that the mortgages, beyond the $6000, as well as the absolute deed, appear to have been given without consideration, and with intent to defraud the plaintiff's creditors. But, as between the parties, those conveyances were valid, and none but creditors and *bona fide* purchasers could avoid them. The plaintiff had no right to the property which he could enforce, either in equity or at law. He had conveyed the last vestige of his interest to his brother. The plaintiff's explicit statement in regard to this important fact, expressly inquired for by the defendant, was false; a misrepresentation which was agreed in the policy, and declared by the by-laws, to be material, and an adequate cause to avoid the policy.

The deed to J. W. Treadway was indeed made and placed on record without his knowledge, and consequently without his express assent, but the law presumes his assent, because the conveyance was *prima facie* beneficial to him; and the plaintiff's attempt to prove his dissent clearly failed. The evidence discloses the grantee's reluctance to participate in the plaintiff's fraudulent attempt, but unfortunately it evinces also the fact that that reluctance, so creditable to the grantee, was finally overcome, and that he ultimately assented to receive and hold the title to the property, and reconvey it when the plaintiff should desire.

We need not decide whether the defendants, (being a foreign corporation,) had, like our own mutual insurance companies, a lien upon the property insured for the unpaid premium or not, because, as already observed, we think that, under the explicit stipulations of the contract between these parties, the misrepresentation above mentioned rendered the policy void; and because, upon the plaintiff's own showing, he had not, either at the time of the issuing of the policy or of the occurrence of the loss, any legal or equitable interest in the property insured; either of which objections is fatal to his claim.

Upon these points we prefer to place our determination of the cause, leaving for future consideration, when the occasion shall require it, all the other questions so elaborately and ably argued at our bar.

The judgment of the superior court must be affirmed.

In this opinion the other judges concurred.

Judgment affirmed.