Louise Reithmueller and Alois Reithmueller, Respondents, v. The Fire Association of Philadelphia, Appellant.

Kansas City Court of Appeals, January 5, 1886.

1. Insurance — Ownership of Assured—Misrepresentation—Case Adjudged.—Where a policy of insurance contained a clause to this effect : "This policy shall become void, unless consent, in writing, is endorsed by the association hereon, in each of the following instances, viz : 1. If the assured is not the sole and unconditional owner of the property  *  *  *  etc.," and it does not appear that any statement was made as to interest, and no indorsement on the policy as to ownership. *Held*, that the failure of the assured to make statement of real interest in property, if she was not the owner, was such a misrepresentation as to avoid the policy.

2. ——— Forfeiture—Waiver of—Refusal of Competent Evidence.—There could be no waiver of forfeiture, by reason of ownership in another, until the fact is made known to the company. Nor will the fact that the assured was a married woman and is joined by her husband, alleged to be the real owner, avail the assured. Refusal to allow proof of ownership in another party was error, as in such event the policy was void, under this condition of this policy.

Appeal from Buchanan Circuit Court, Hon. Joseph P. Grubb, Judge.

*Reversed and remanded.*

Statement of case by the court.

This is an action by plaintiffs, who are husband and wife, upon a policy of insurance issued by defendant to the female plaintiff, insuring her against loss or damage by fire to her stock of wholesale and retail millinery goods. The petition is in two counts, there having been a loss by each of two separate and distinct fires.

The policy contained a clause to this effect: "This policy shall become void unless consent in writing is endorsed by the association hereon, in each of the following instances, viz: 1. If the assured is not the sole and unconditional owner of the property * * * ."

From the record it does not appear that the female plaintiff made any statement whatever as to her interest in the property. There was no endorsement upon the policy touching the ownership of the property.

Among other defences set up in the answer a breach of the above condition was alleged, in this, "that said plaintiff (female plaintiff) was not, when she obtained said alleged policy, is not now, and never has been the sole or unconditional owner of said property, but said property at said time and ever since, belonged to said Alois Reithmueller, that defendant had no knowledge or information at any time until after the alleged fires, that said Louise Reithmueller was not the sole and unconditional owner of said property, and never at any time endorsed in writing or otherwise, its consent that she did not so own it, on said policy; and said policy is, and was when obtained by said plaintiff, null and void."

At the trial the defendant offered to prove that the plaintiff, Alois Reithmueller, the husband of the female plaintiff, owned the goods at the time the policy was issued, and at the time of the fires; that the business was his; and that the female plaintiff did not own the goods at any time. The court refused to permit defendant to prove this.

The evidence did not tend to show at what time the defendant first obtained the information that the husband, and not the wife, was the owner of the insured property. The averment of the answer was that the information was first obtained after the second fire. This statement presents the only question which we deem it necessary for us to pass upon.

James W. Boyd, for the appellant.

I. Defendant offered to prove by the assured that she did not own the goods mentioned in the policy sued on, either at the time of obtaining the policy, or at the time of either of the fires named in the petition. The court excluded the evidence, which was excepted to. This was error. Wood on Fire Ins., sect. 250, p. 496.

II. The court erred in permitting plaintiffs to prove declarations of one Lewis, made after the fire, in reference to the adjustment of the loss, as he was not authorized to adjust any loss, but was agent only, for the purpose of issuing policies and renewals and receiving money for the same. Wood on Fire Ins., sect. 405; *Lohnes v. Ins. Co. of N. A.*, 121 Mass. 439; *Birsch v. Ins. Co.*, 63 N. Y. 531.

III. The instructions asked by defendant and refused, ought to have been given, because plaintiffs failed to make out a case, (1) as to other insurance; (2) as to proof of loss; (3) as to ownership. There was no waiver as to any of them. *Obermeyer v. Ins. Co.*, 43 Mo. 573; *Gale v. Ins. Co.*, 41 N. H. 170; *Thomas v. Ins. Co.*, 119 Mass. 121; Wood on Fire Ins., sects. 348, 436, 87, 405.

IV. The instructions given on the part of plaintiff were erroneous. There was no waiver as to the fact of other insurance, or of proof of loss, or of ownership, as the first and last were not even known to appellant at the time of issuing the policy.

V. The suppression of the fact as to ownership when the policy was obtained was fraudulent; and as she did not own the goods destroyed by the fires, she was not

damaged. Having obtained the policy by fraud, it was, when obtained, a void instrument. *Obermeyer v. Ins. Co.*, 43 Mo. 573; *Gale v. Ins. Co.*, 41 N. H. 170. So as to the clause concerning other insurance, for by the terms of the policy it never became a contract. *Thomas v. Ins. Co.*, 119 Mass. 121; *Philbrook v. Ins. Co.*, 37 Maine 187.

VI. The forfeiture has not been waived. The policy could only be revived by a new contract, or such conduct as by misleading the assured to his prejudice operates as an estoppel. Mere knowledge of the violation, without any other action of the insurance company, is of no account. *Ins. Co. v. Fay*, 22 Mich. 467; *Ins. Co. v. Riker*, 10 Mich. 279.

EUGENE C. ZIMMERMAN, for the respondent.

I. Plaintiffs in effect objected to proof by defendant that plaintiff held the property for the purpose of defrauding the creditors of her husband. She did not represent herself to be the sole and unconditionl owner of the property; it was sufficient if she had an insurable interest in it. May on Ins. (2 Ed.) 371, 94; *Manson v. Ins. Co.*, 18 Mo. 162; *Lerow v. Williams*, 9 Allen (Mass.) 382.

II. Under the pleadings, defendant did not offer to amend as to ownership. It was a matter of defence, and cannot be availed of unless pleaded, and it is necessary, in such pleadings, not only to negative the allegations of the petition, but state the particulars in which the untruthfulness, or breach, consists. May on Ins. (2 Ed.) 895; *Hyeronemes v. Allison*, 52 Mo. 102.

III. Defendant was estopped from denying plaintiff's interest in said property, said policy having recited the interest of assured, and the answer failing to state failure or change of title. May on Ins. (2 Ed.) 895, 213, 217; *Combs v. Hannibal Ins. Co.*, 43 Mo. 148.

IV. Proofs of loss were made by plaintiff as owner. Defendant received such proofs and refused to pay loss upon other grounds. May on Ins. (2 Ed.) 700-772; *Rus-*

*sell v. Ins. Co.,* 55 Mo. 585 ; *Shultz v. Ins. Co.,* 57 Mo. 331 ; *McComas v. Ins. Co.,* 56 Mo. 573.

V. It is not necessary to sustain a *waiver* that the consent of the company should be in writing. Knowledge of violation, failure to cancel, and refusal to pay on other grounds, is not sufficient to exempt company from liability. And the waiver may be made by agent. May on Ins. (2 Ed.) 554-575 ; *Ib.* 769, 663.

VI. Defendant is estopped, and waived other defences, by setting up that assured burned the property. *McComas v. Ins. Co.,* 56 Mo. 572.

VII. The court committed no error in giving instructions for plaintiffs, nor in refusing those asked by defendant.

HALL, J.—Under the clauses of the policy set out in the above statement, a failure on the part of the assured, if not to have had endorsed upon the policy, at least to have stated to the defendant's agent, her real interest in the property, if she was not the sole and unconditional owner thereof, was such a misrepresentation as to avoid the policy. May on Insurance, sect. 287 ; Wood on Insurance, sects. 86, 151.

Indeed, if the allegations of the answer, to prove which the court refused to permit defendant, be true, it is difficult for us to see what insurable interest the wife had in the property. However this may be, it is certain that, if the husband owned the property as alleged in the answer, and as defendant offered to prove, the policy was void under the said clause thereof.

There could not have been a waiver by defendant of the forfeiture of the policy by reason of the husband's ownership of the property until that fact was known by defendant. Hence, in this case, under the evidence, there could have been no such waiver.

The fact that the insured was a married woman, and that she is joined by her husband, who is alleged to be the real owner of the property, in this action, is not material. That fact cuts no figure in this case.

It was not inconsistent to join the defence mentioned in this opinion with the defence that the assured set fire to the insured property. They might have both been true. The latter the jury found was not true. The court should have permitted the jury to pass upon the former.

The judgment must be reversed for the refusal of the court to permit the defendant to prove that the husband owned the goods. The offer of defendant was to prove, as alleged in the answer, that the husband was the owner, the actual owner of the insured property. This must be understood. For it is upon the offer to prove the averment of actual ownership by the husband that we base this opinion. We do not mean to hold, and we do not hold, that proof that the husband had conveyed his property to his wife for the purpose of defrauding his creditors would have been proof of ownership by the husband. Under such proof the husband would not have been the owner. May on Insurance, sect. 287; *Treadway v. Ins. Co.*, 29 Conn. 68.

Such is not this case. The offer was not of such proof. We base our opinion upon the offer actually made. The judgment is reversed and the cause is remanded. All concur.