MARY MESSELBACK, RESPONDENT, *v.* FREDERICK H. NORMAN, AS TREASURER OF THE SUN FIRE OFFICE OF LONDON, ENGLAND, APPELLANT.

*Deed — what evidence is sufficient to establish delivery and acceptance — its effect cannot be destroyed by the unsupported testimony of the grantor that she meant to execute a will.*

This action, brought against the defendant upon a policy of insurance issued by it to the plaintiff, was defended by the company upon the ground that at the time of the issuing of the policy the plaintiff was not the owner of the property insured, and that her interest therein was not stated in the policy. Upon the trial it appeared that on the 8th day of November, 1879, the plaintiff, who was the owner in fee of the property, executed a warranty deed conveying it to her

husband and her children, which was acknowledged on the same day before the county judge who had drawn it; that the plaintiff took the deed with her from the judge's office, and about a month afterwards returned it to the county judge, requesting him to have it recorded, and paid him the fees therefor; that the deed was, on December 15, 1879, duly recorded, and that the grantees therein have never reconveyed.

The plaintiff testified that she thought the deed was a will; that she had been in possession of the property ever since; that she never told her children of the deed; that she thought that by making this paper her children would have her property after her death; that she meant to have the judge draw a paper which would give the property to her children after her death, and that she intended her husband should have some of it. The judge testified that he read the deed in part to her, explained what he did not read, and that nothing was said about a will.

*Held,* that the evidence was sufficient to prove a delivery and acceptance of the deed.

That the evidence of what she meant to do, not strengthened by any evidence that any incorrect representations were made to her of the nature of the instrument she was signing, was not enough to destroy its effect.

That the policy was void.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This was an action against the defendant, as treasurer of an insurance company, upon a policy of insurance issued by the company to plaintiff. The defense was two-fold, viz.: First. That at the time of issuing the policy, and at the time of the fire, the plaintiff was not the owner, and that her interest in the property was not stated in the policy. Second. That the property was unoccupied at the time of the fire. The first is the more important defense.

The plaintiff had been the owner in fee of the property. On the 8th of November, 1879, she executed a warranty deed to Philo Messelback, and others her children. The deed was acknowledged the same day before the county judge who had drawn it. The plaintiff took the deed with her from the judge's office. About a month afterwards she returned the deed to the county judge, requested him to have it recorded and paid him the fees therefor. The deed was duly recorded December 15, 1879. The grantees therein have never reconveyed.

In order to obviate the effect of this deed the plaintiff, on her own behalf, testified, against defendant's objection, that she thought the deed was a will; that she had been in possession of the property ever since; that she never told her children of the deed; that she

thought that by making this paper her children would have her property after her death; that she meant to have the judge draw a paper which would give the property to her children after her death; that she intended her husband should have some of it. The defendant called the judge who drew the deed and offered to show what he said to plaintiff at the time of drawing the deed. On plaintiffs objection this was excluded. The judge testified that he read the deed in part to her; explained what he did not read, and that nothing was said about a will.

*A. H. Sawyer*, for the appellant.

*Jacob H. Clute*, for the respondent.

LEARNED, P. J.:

It is undoubtedly true that delivery is essential to the validity of a deed. The meaning of this is that merely to sign and seal and acknowledge a writing, and then to keep it in one's possession conveys no title. There must be some act showing that the grantor intends that it shall take effect. That act is delivery to the grantee, actual or presumed. Causing a deed to be recorded is *prima facie* evidence of delivery. (*Tompkins* v. *Wheeler*, 16 Peters, 106; *Gilbert* v. *N. Am. F. Ins. Co.*, 23 Wend., 43.) For, as said, the delivery to the officer to be recorded may be considered as a delivery to a stranger for the use of the grantee. (*Rathbun* v. *Rathbun*, 6 Barb., 98.)

So it was said in *Moore* v. *Hazelton* (91 Mass. [9 Allen], 102), that execution of a deed, in the presence of an attesting witness, is sufficient evidence from which to infer a delivery. (See cases there cited.) The grantor in that case had retained the deed.

In *Scrugham* v. *Wood* (15 Wend., 545) the court cited, with approval, the case of *Doe* v. *Knight* (5 Barn. & Cress., 671), as follows: "Where a party to an instrument seals it and declares in the presence of a witness that he delivers it as his deed but keeps it in his own possession &ast; &ast; &ast; delivery to the party who is to take by the deed or to any person for his use is not essential."

Now, we must notice that the plaintiff, after causing the deed to be drawn, and after executing and acknowledging it, took it away and kept it for about a month. She then carried it to the judge who

had drawn it to take it to the county clerk's office and have it recorded, and this he did. In the absence of any proof to the contrary, here was evidence from which a delivery could be inferred. There is nothing which shows that the delivery to the county clerk was for any other purpose than for the use of the grantee. Further, it is apparent that under a system of recording deeds, by which the record or a certified copy is of equal validity with the deed, the actual possession of a recorded deed has become a matter of less consequence than it once was. It is difficult to see what act of the grantor can be more expressive of an intent to deliver than the causing of the deed to be recorded. Of course the grantee cannot be compelled to accept against his will. But where a deed is plainly beneficial to the grantee, accompanied by no trust imposed on him, his acceptance is to be presumed unless dissent is shown. There was also in this case a moral consideration. The plaintiff says that the children and her husband had paid about $800 on the property, and that the children had paid about $400 towards building the house. None of the children were called to show that they had refused to accept the deed; nor does the plaintiff claim that they had ever dissented. They may well have known of the deed, although she did not tell them of it. Altogether we think that the evidence did not justify a finding that the deed was not delivered.

The testimony of plaintiff was that she thought the deed was a will; that she wanted a will, and meant this deed to be a will; that she meant to have the judge draw a paper that should give the property to her children after her death. There was nothing to support this, and the judge testified that nothing was said about a will. This evidence of what she meant, not strengthened by any evidence that any incorrect misrepresentations were made to her of the nature of the instrument she was signing, is not enough to destroy its effect. If it were, no dependence could be placed on any instrument.

The policy was, by its terms, to be void if the insured be not the sole and unconditional owner of the property or if the interest of the assured be not truly stated. We are of the opinion that on the evidence the policy was void. (*Treadway* v. *Hamilton Mut. Ins. Co.*, 29 Conn., 68.) The referee held that the house was unoccupied at the time of the fire, but that Bennett, the agent of

defendant, had waived the condition touching this point.   It is not expressly shown in the case what was the nature of Bennett's agency. But from all the circumstances it would seem that he was not a general agent of the company.   Had he been he might have waived ,the condition.   (*Steen* v. *Niagara Fire Ins. Co.,* 89 N. Y., 315.) It is doubtful whether Bennett had such power.   (*Walsh* v. *Hartford Fire Ins. Co.,* 73 N. Y., 5; *Marvin* v. *Universal Life Ins. Co.,* .85 N. Y., 278.)

The judgment should be reversed, new trial granted, referee ·discharged, costs to abide event.

LANDON and WILLIAMS, JJ., concurred.

Judgment reversed, new trial granted, referee discharged, costs to abide event.