HUTCHINSON, Respondent, vs. THE WESTERN INSURANCE COMPANY, Appellant.

1. A condition annexed to a policy of insurance that the assured shall cause any previous or subsequent insurance to be endorsed on his policy, is a condition precedent, and is not satisfied by verbal notice to the insurer of such other insurance.

*Appeal from St. Louis Court of Common Pleas.*

This was an action upon a policy of fire insurance for $3000, dated October 29, 1851, upon a mill in Illinoistown. The 6th condition annexed to the policy is set out in the opinion of the court. The 11th condition was as follows : " The policy may always be transferred, provided such transfer be endorsed upon the policy and brought to the office for approval within thirty

days from the date thereof ; otherwise, the premium shall be considered as sunk for the benefit of the assurers."

At the date of this policy, E. C. Hutchinson, the plaintiff, was the owner of the mill. There was a previous insurance for $2500 in the City Insurance Company of Cincinnati, which was endorsed on defendant's policy. On the 30th of December, 1851, the policy in the City Insurance Company of Cincinnati having expired, the plaintiff effected an insurance for $2000 upon the same property in the Commercial Insurance Company of Charleston for one year. The defendant's agent, as a witness testified, was verbally informed of this subsequent insurance, but was never requested to endorse it on the policy, and it never was endorsed. On the 25th of February, 1852, Hutchinson sold the mill to H. W. Watkins for the sum of $5000, of which $1000 was to be paid in cash. For the remaining $4000, Watkins executed a deed of trust upon the property. The deed of trust contained a clause to the effect that the property should be kept insured in the name of Hutchinson, at the expense of Watkins, and that in case of loss, the insurance should be received by Hutchinson, " and applied and credited by him on account of said indebtedness, and the balance, if any, paid to Watkins."

The defendant's agent was, according to the testimony of a witness, informed of the sale to Watkins, and requested to endorse it on the policy, but stated that it was unnecessary to do so, as the plaintiff retained an interest. It did not appear, however, that he was informed of the stipulation in the deed of trust as to the application of the insurance money.

On the 6th of June, 1852, and before defendant's policy expired, the mill was destroyed by fire. Notice and proofs of loss were served on the defendant, and a witness testified that the only reason assigned for a refusal to pay, was the sale to Watkins.

The Court of Common Pleas instructed the jury to the effect that *notice* to the defendant of the subsequent insurance before a loss was a sufficient compliance with the 6th condition

of the policy, and refused an instruction that it must have been endorsed on the policy. Other instructions were given and refused, which it is not thought necessary to notice.

After verdict and judgment for plaintiff, the defendant appealed.

*Wickham & Snead*, for appellant. I. Parol evidence is inadmissible to prove verbal notice of subsequent insurance, the conditions of insurance requiring it to be endorsed on the policy in writing. (1 Phill. on Ins. sec. 8, § 67, 68, p. 51. 13 Mass. 99. 2 Denio, 79 and cases cited. 1 Mood. and Walk. 367, 370. 7 Cushing, 179–80. 17 Mo. Rep. 248. 5 Pick. 34. 16 Peters, 512. 14 Mass. 152.) II. A condition in a fire policy not complied with defeats the policy; and even though verbal notice of the subsequent insurance was given to appellant, still, unless such subsequent insurance was endorsed on the policy, there is no such substantial compliance with the 6th condition of the policy as will entitle the respondent to recover. (6 Wend. 488, 494. 16 Peters, 510–12. 5 Ohio Rep. 466–7. 14 Mo. Rep. 3, 8. 13 Ohio, 64. 4 Howard, 222–3. 2 Cranch, 166–7–8. 2 Johns. Rep. 109, 114. 16 Ohio, 165. 19 Ohio, 149, 176–7.) III. The agreement in the deed of trust, through which the plaintiff claimed his present interest in the property insured, to the effect that he should credit on the notes of Watkins whatever, in case of loss, he might recover from the insurance companies, would, if binding on him, discharge the defendant from liability, whether Watkins caused the property to be insured in plaintiff's name or not, because, 1st, it would deprive the company of its equitable right of subrogation. (2 Phill. on Ins. (new ed.) 399, 400. 16 Wend. 397. 8 Johns. 246. 9 East, 72. 4 Edward's Ch. Rep. 95. 3 Rob. (La.) 427.) 2d. It would operate as an equitable assignment of the policy, and so not having been approved by the company and endorsed, as is stipulated in the 11th condition, would avoid the policy. (1 Phill. on Ins. p. 64, sec. X, § 90. 24 Pick. 204. 1 Curtis, 196.) Moreover, the respondent, not being

the real party in interest, could not bring this action in his own name under our statute. 3d. It would be against public policy, by making it immaterial to respondent whether the property was burned or not, and by putting it in the power of Watkins to reap a benefit from such destruction; for, besides having his debt paid to respondent by this insurance, he may insure and recover the full value of the property in his own name as owner. (9 Wend. 408.)

*T. Polk* and *F. A. Dick*, for respondent. I. Parol evidence was admissible to prove actual notice to the defendant of the insurance in the Commercial Insurance Company. 1. By the words of the 6th condition of the policy, *notice* is sufficient to prevent an avoidance of the policy. 2. The notice is not required to be in writing, and so parol notice is good. (5 Hill, (N. Y.) 101.) 3. Any doubt as to the meaning of the 6th condition should be resolved against the company. (1 Sumner, 440.) 4. The action of the company, in placing their refusal to pay on other grounds, shows their construction of the 6th condition. II. The object of the condition, (which is to prevent the assured from getting too large an insurance,) was fully answered by the endorsement on the policy of $2500 of insurance on the same property in the Cincinnati City Insurance Company. This policy expired before the fire, and the subsequent insurance of $2000 was intended to replace it. The amount of insurance was diminished, instead of being increased. III. It is not necessary to inquire into the effect of the agreement between Watkins and the plaintiff, as there was no evidence that it was ever carried into effect.

LEONARD, Judge, delivered the opinion of the court.

The sixth condition annexed to the present policy is : " Persons insuring property at this office must give notice of any other insurance (either previous or subsequent) made on their behalf on the same, and cause such other insurance to be endorsed on their policies; in which cases, such office shall be liable to the payment only of a rateable proportion of any loss

or damage which may be sustained; and, unless such notice is given, the insured will not be entitled to recover in case of loss;" and the principal question upon the trial was, whether there had been a compliance with it, and if not, what was the effect of the non-compliance.

A warranty, in the law of insurance, is a written stipulation in the policy, applicable either to matters present or future, and, in the former case, is called an affirmative, and in the latter, a promissory warranty; and the policy being signed by the underwriters only, these warranties are made effectual by treating them as conditions precedent, upon the truth or fulfillment of which the entire contract depends. (Angel on Insurance, secs. 140, 142, 145 and 147. Arnold on Insurance, 58. Ellis on Insurance, 28. *Borradaille* v. *Hunter,* 5 M. & Granger, 639. *Newcastle Fire Insurance Co.* v. *McMorran,* 3 Dow, 262.) The present stipulation, it seems, is not a new invention, but is taken from the conditions annexed to the fire policies issued by the London companies, (Ang. on Ins., Appendix, 7,) and the object of it is very obvious, and the provision itself reasonable enough.

Underwriters rely more upon the interest than the morals of the insured for protection against the carelessness of owners in the preservation of the insured property, and therefore always leave a sufficient amount uncovered by the policy to make it the interest of the insured to take proper care of it. To enable them to do this, it is necessary, of course, that they should be informed whether the property, upon which they are about to take the risk, is covered by any existing policy, and if so, to what extent; and that their risk may not afterwards be increased without their knowledge or consent, by the subsequent act of the insured, in covering his remaining interest, either wholly or partially, with additional policies, from other underwriters, this stipulation, looking not only to the present, but to the future condition of the property, in reference to other insurance upon it, and the consequent increased risk on the part of the underwriters, is inserted as a condition in the policy.

We may remark, too, an additional reason for this provision. The contract of fire insurance being a mere contract of indemnity against actual damage, the insured can only recover to the extent of his loss, no matter what amount may be covered, or by how many different policies. But, then, he has his election upon which policy he will exact this indemnity, leaving it to the parties themselves afterwards to compel contribution from those who ought to bear with them the common loss, and to compel the insured to go to the other underwriters for the residue. Keeping these things in view, there is not much difficulty in settling the material questions discussed in this case. It is true, the main purpose of the provision might be effected by a mere verbal notice of other insurance, without any endorsement of it upon the policy; but the parties have seen fit to agree that all other insurance upon the property shall be so endorsed, in order manifestly to have certain and authentic evidence of this material fact, instead of leaving the matter to the uncertainty of mere verbal testimony. The endorsement changes the effect of the contract, as it stands on the face of the instrument, in reference to the amount the insured may claim of the underwriters, and perhaps it is also intended to furnish evidence against the underwriters of their consent to a continuance of their liability, notwithstanding the increased risk thrown upon them by the subsequent insurance. An intimation to this effect is given in the opinion of the court, in the case of *Carpenter* v. *The Prov. Ins. Co.*, 4 How. 222, which was a suit in equity, to compel the underwriters to make an endorsement upon a policy of a subsequent insurance, of which they had received verbal notice. The case went off upon a defect of proof as to the fact of notice; but it is intimated by the judge who delivered the opinion, that, perhaps, it would have been a good defence to the bill, that the parties had declined continuing their liability, as underwriters, under the increased risk, and, in the exercise of their right to do so, had refused to make the necessary endorsement upon the policy, required as the evidence of the fact.

If other insurance exists at the time, and is not endorsed, although communicated or known to the underwriters, it is not enough. The condition is not complied with, and no contract exists. (*Carpenter* v. *The Prov. Ins. Co.*, 16 Pet. 512. *Barrett et al.*, v. *Union Mutual Fire Ins. Co.*, 7 Cush. 178. 1 Phillips on Ins. 477.)

There can be no distinction in this particular between a present and a subsequent insurance, and the present condition extends to both existing and future policies, and if there is a failure to endorse either, the stipulation is not complied with. But it seems to have been thought upon this trial, that the endorsement was not a condition precedent to the plaintiff's right of recovery, and that a failure in this matter did not defeat a recovery, upon the ground, we suppose, that the express provision to that effect was confined to the want of notice. It seems, however, that any stipulation inserted in the policy is, according to the law of insurance, to be considered as a warranty, and so is a condition precedent, without any express contract for that purpose; and, indeed, in this case, we think the last clause of this condition ought to be construed as referring to a notice perfected by an endorsement, rather than as limiting the effect of the provision in annulling the contract to the mere failure to give notice. The endorsement must, of course, be made by authority of the party who is to be bound by it, and if it is to affect the rights and liabilities of both parties, it must be made with the consent of both. No question, however, of this kind arises here, as it is not pretended that any endorsement was ever made, or proposed to be made.

It is not necessary to go into a particular examination of the instructions given and refused. It is enough for the reversal of the judgment that the case was tried and determined upon the assumption that a verbal notice, without an endorsement, was sufficient to enable the plaintiff to recover, while we think otherwise. The judgment must therefore be reversed, and the cause remanded; which is ordered accordingly, the other judges concurring.