HENRY S. BARNARD, Respondent, v. NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, Appellant.

Kansas City Court of Appeals, June 6, 1887.

1. INSURANCE—CONDITION AS TO OWNERSHIP—EFFECT OF FALSE STATEMENT.—Where a policy of insurance contains the provision that if the assured is not the sole, entire, and unconditional owner, etc., the policy shall be void, and the assured accepts the policy with this provision—if this was not substantially true, the policy is void.

2. ——— CONDITION AS TO FURTHER INSURANCE.—It is a reasonable condition to provide against further insurance, without the consent of the insurer, and the violation of it is in disregard of the terms of the policy, such as the insurer has a right to urge as a defence to an action on the policy.

3. ——— PROVISIONS AGAINST GUNPOWDER, ETC.—Although a policy provide against gunpowder and petroleum, if insured on a "general store," in which it was customary to keep a limited quantity of these articles in stock, it would be competent to show that the supply of these articles, kept in this store, was within the quantity usually kept in a general store.

APPEAL from Buchanan Circuit Court, HON. JOSEPH P. GRUBB, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

B. R. VINEYARD, for the appellant.

I.  The policy purported to insure Daniel Ransom against loss by fire "on his two-story brick, shingle-roof building."  The acceptance of the policy thus worded, with the condition therein that, "if the assured is not the sole, entire, and unconditional owner of the property insured, and (if a building is insured) of the land on which the building stands, by a sole, unconditional, and entire ownership, and title in fee-simple, * * * without being specified in the written portion of said policy, * * * then, and in every such case, this policy shall be null and void," amounts to a declaration, on the part of the assured, that his interest is an absolute one, qualified only by the interest which might appear to be in H. E. Barnard, the plaintiff, as trustee for the Phœnix Mutual Life Insurance Company.  *Mers v. Insurance Co.*, 68 Mo. 127;  *Lasher v. Insurance Co.*, 86 N. Y. 423;  *Southwick v. Insurance Co.*, 133 Mass. 457;  *Clay Insurance Co. v. Huron Mf'g Co.*, 31 Mich. 346, 356.

II.  A policy like the one in this case, insuring a certain person, loss, if any, payable to another, as his interest may appear, confers on such other only a derivative right, which cannot exceed that of the party through whom the right comes.  *Bidwell v. Ins. Co.*, 40 Mo. 46–7;  *Grosvenor v. Ins. Co.*, 17 N. Y. 391;  *Carpenter v. Ins. Co.*, 16 Pet. 495;  *Foster v. Ins. Co.*, 2 Gray, 216;  *Hine v. Woolworth*, 93 N. Y. 75.

III.  Under the clause of the policy above stated, a failure on the part of the assured, if not to have had endorsed upon the policy, at least to have stated to defendant's agent his real interest in the property, if he was not the sole and unconditional owner thereof, was such a misrepresentation as to avoid the policy.  *Reithmueller v. Ins. Co.*, 20 Mo. 246;  *Insurance Co. v. Lawrence*, 2 Pet. [U. S.] 25;  *Warner v. Ins. Co.*, 21 Conn. 444;  *Leathers v. Ins. Co.*, 24 N. H. 259;  *Ins. Co. v. Barnett*, 73 Mo. 367.

IV. Instead of Ransom being the "sole," etc., "owner," he had sold it, by a contract in writing, duly executed by the parties thereto ; had placed the purchaser in possession ; had executed a deed to him, and placed it in escrow as security for the purchase money, all of which was unknown to the insurer. Ransom was, therefore, not the owner, but held the legal title for the purchaser (Sheldon), who was the owner. *Ins. Co. v. Mf'g Co.*, 31 Mich. 357 ; *Hough v. Ins. Co.*, 29 Conn. 19 ; *Gaylord v. Ins. Co.*, 40 Mo. 13 ; *Martin v. Ins. Co.*, 44 N. J. Law, 275 ; *Lingenfelter v. Ins. Co.*, 19 Mo. App. 268 ; *Ins. Co. v. Martin*, 40 N. J. Law, 570 ; *Ins. Co. v. Tyler*, 16 Wend. [N. Y.] 396.

V. But, independent of the deed of trust, wherein Barnard, the plaintiff, was trustee, under the provisions of the policy sued on (which are more restrictive than in most policies), it is submitted that neither Sheldon nor Ransom, under the allegations in the parts of the answer stricken out, was "sole, unconditional, and entire" owner of the building insured, by "title in fee-simple," and especially was this so as to the title of Ransom. "A fee-simple is the largest possible estate that a man can have in lands, being an absolute estate in perpetuity." *Jecko v. Taussig*, 45 Mo. 169 ; 1 Washb. on Real Prop. 76-7. "A fee-simple is a freehold estate of inheritance, free from conditions and of indefinite duration." Tiedeman on Real Property, sect. 36. Nor was Ransom's ownership "unconditional," "sole," or "entire." As between him and Sheldon, he had only a partial, or conditional interest, subject to be extinguished on payment of the balance of the purchase money.

VI. The court erred in striking out that part of defendant's amended answer relating to other insurance taken out on the property, without defendant's consent, mentioned in or endorsed on the policy sued on. The policy, by its terms, was to be void "if the assured, or any other person or parties interested" should have other insurance, without such consent. The part

stricken out showed Sheldon's connection with Ransom, and Sheldon's interest in the property, and Ransom's assent and authority in the procurement of additional insurance, it being charged that both of the said last-named policies covered the interest insured by the policy sued on. *Obermayer v. Ins. Co.*, 43 Mo. 573; *Thomas v. Ins. Co.*, 119 Mass. 121; *Gee v. Ins. Co.*, 55 N. H. 65; *Gale v. Ins. Co.*, 41 N. H. 176; *Jackson v. Ins. Co.*, 23 Pick. [Mass.] 418; *Lindley v. Ins. Co.*, 65 Me. 368; *Hutchinson v. Ins. Co.*, 21 Mo. 97; *Deitz v. Ins. Co.*, 38 Mo. 83.

VII. The court erred in overruling defendant's motion to strike out part of plaintiff's reply, and in permitting plaintiff to prove that powder and petroleum were usually kept in a general store, and in refusing defendant's third instruction. The policy exempted the company from damage, where these articles were "deposited, used, or kept." The policy, in the case of *Archer v. Insurance Co.* (43 Mo. 439), exempted the company from liability under like circumstances, "unless otherwise expressly provided." No such qualification is in the policy sued on here. *Macomber v. Ins. Co.*, 7 Gray, 257; *Wetherell v. Ins. Co.*, 16 Gray, 276; *Lancaster Fire Ins. Co. v. Leuheim*, 89 Pa. St. 497; *Birmingham Fire Ins. Co. v. Kroegher*, 83 Pa. St. 64; *Steinbach v. Ins. Co.*, 13 Wall. 183; *Cerf v. Ins. Co.*, 44 Cal. 320.

VIII. The petition charged that the building insured was "totally destroyed by fire." The answer admitted partial, but denied total destruction. The evidence showed that the brick walls were left standing, and that part of the brick were cleaned and used in another building. The court refused to permit defendant to prove the value of the walls and brick left after the fire. It also refused to give defendant's second instruction, seeking to defeat plaintiff's right of recovery if the brick walls remaining after the fire were of any material value. There was no proof whatever as to the

value of the building insured. The amount insured cannot be taken (Rev. Stat., secs. 6009 and 6010), as the value of the building, unless it is "wholly destroyed." The burden of proof to establish this was on the plaintiff.

IX. The fifth part of the amended answer stricken out by the court, sought to limit defendant's liability, as provided in the policy, to the loss which Ransom as mortgagee (as he was here directly charged to be) might sustain, after enforcing his claim against the lot on which the building stood. Sheldon, according to the allegations in the parts of the answer stricken out, was the equitable owner of the property. Ransom, subject to the claim of Barnard, trustee, held the legal title to secure the money Sheldon was to pay him. Hence Ransom occupied the relation to Sheldon, and to the title of said lot, of mortgagee. *Dick v. Ins. Co.*, 81 Mo. 103 ; s. c., 10 Mo. App. 376. Where the trustee, as mortgagee, is vested with only a qualified interest in the policy, the party in whose name the insurance is effected is the proper party plaintiff in a suit for the loss. 1 Jones' Mort., sect. 408 ; *Ins. Co. v. Davenport*, 37 Mich. 609. The court erred in striking out the fifth part of answer, as defendant would have been entitled, under the facts there stated, to be subrogated to the rights of Ransom against the lot on which the building stood—Sheldon, the equitable owner, being no party to and having no interest in the policy sued on. *Ins. Co. v. Woodruff*, 26 N. J. Law, 555-6 ; *Ins. Co. v. Tyler*, 16 Wend. 397 ; *Harris v. Ins. Co.*, 9 R. I. 207.

H. K. WHITE, for the respondent.

I. The court did not err in striking out the first part of defendant's answer, for Ransom had a right to insure to the full value of the perishable improvements, or at least to the amount of selling price, and the insurance money collected would have operated as a credit upon the purchase price agreed to be paid by Sheldon. *Chamberlain v. Ins. Co.*, 55 N. H. 249.

II.   The court did not err in striking out the second defence in defendant's answer.   This fact, taken in connection with the first and third parts stricken out, shows that in law Ransom was still owner of the land in fee-simple.   (1) Because the contract and deposit of the deed in escrow did not change the title.   3 Wash. on Real Prop. 302 ; *Frost v. Beekman*, 1 Johns. Ch. 297 ; *Jackson v. Rowland*, 6 Wend. 666 ; *Dyson v. Bradshaw*, 23 Cal. 528.   (2) Because his ownership was still entire, sole, unconditional by a title in fee-simple.   *Ins. Co. v. Kelly*, 32 Md. 436–450 ; *Williams v. Ins. Co.*, 107 Mass. 377 ; *Vogel v. Ins. Co.*, 9 Gray, 23 ; *Pollard v. Ins. Co.*, 42 Me. 221 ; *Phillips v. Ins. Co.*, 10 Allen, 113 ; *Ice Co. v. Ins. Co.*, 12 Allen, 381.

III.   The court did not err in striking out the third and fourth parts of defendant's answer, because it was not alleged that Ransom or Barnard were interested in the policies referred to, but it is shown that they were policies in which Sheldon alone was interested.   *Tyler v. Ins. Co.*, 16 Wend. 385 ; *Rowley v. Ins. Co.*, 3 Keyes [N. Y.] 558 ; *Bank v. Ins. Co.*, 31 Conn. 518.

IV.   The fifth defence was properly stricken out, as there was no claim made in any pleading that Ransom was insured as a mortgagee.

V.   There was no error in the court's action as to the motion of defendant to strike out parts of plaintiff's reply relating to keeping of coal oil, or in refusing defendant's third instruction relating to the same point. *Archer v. Ins. Co.*, 43 Mo. 439 ; *Pindar v. Ins. Co.*, 36 N. Y. 648.

VI.   The instructions were correct as to the measure of damages.   There was proof that the building was wholly destroyed.   Rev. Stat., 1879, p. 1180, sect. 6009 ; *Thompson v. Ins. Co.*, 45 Wis. 449 ; *Reilly v. Ins. Co.*, 43 Wis. 449.   Same principle.   *Railroad v. Peavy*, 29 Kas. 169 ; *Chamberlain v. Ins. Co.*, 55 N. H. 249.

VII.   Barnard was an assignee, and the suit was properly brought in his name.   Rev. Stat., p. 592, sects.

3462-3463; *Bidwell v. Ins. Co.*, 40 Mo. 46. And after payment of the note secured by deed of trust, the title to the insurance vested in Ransom, and it was optional with him and Barnard whether a change of plaintiff took place or not. Rev. Stat., 1879, p. 635, sect. 3671; Jones on Pledges, sect. 540, and cases cited.

ELLISON, J.—This is an action by an assignee on a policy of insurance. Plaintiff recovered below and defendant appeals.

Defendant insured Daniel Ransom against loss by fire to the amount of one thousand dollars on his two-story brick, shingle-roof building, occupied as a general store, and on a one-story frame addition, used as a ware-room, for one year beginning at noon on the sixteenth of May, 1881, and ending on the sixteenth of May, 1882, at noon. On the morning of May 16, a few hours before the expiration of the policy the premises were destroyed. The petition charged that, at the date of the policy, Ransom was indebted to the Phœnix Mutual Life Insurance Company, in the sum of thirty-five hundred dollars, and to secure the same had executed his deed of trust on the property insured to this plaintiff as trustee, and to further secure the payment of the note, he had transferred and assigned the policy and all rights thereunder; that defendant, at Ransom's request, had transferred the policy, by writing upon the face thereof that the loss, if any, should be paid to plaintiff, as trustee, as his interest might appear.

Several defences set up by defendant were, on motion of plaintiff, stricken out by the court before entering upon the trial. The first and second portions set up that Ransom had sold the property to one Sheldon and had executed to him a written contract, as also a deed, to the property; that Sheldon was put into possession and the contract and deed deposited in escrow to secure the payment of the purchase money, which was to be paid to the Phœnix

Insurance Company, which held a mortgage on the property insured in connection with other land; that plaintiff and the Phœnix Insurance Company knew this at the time of the issuance of the policy and at the time it was transferred to this plaintiff.

The question is, do such facts avoid the policy containing the following conditions, viz: "If the assured is not the sole, entire, and unconditional owner of the property insured, and (if a building is insured) of the land on which the building stands, by sole, unconditional, and entire ownership and title in fee-simple; or if the building stands on leased land, or the land of another, without being specified in the written portion of said policy; or if there shall be any sale, transfer, or change of title or of possession of the property insured, or of any individual interest therein, then and in every such case the policy shall be null and void."

The assured, by accepting this policy with this provision, and in which the property is stated to be "his," has affirmed that he was the sole, entire, and unconditional owner in fee-simple. If this was not substantially true, the policy is void. *American Ins. Co. v. Barnett*, 73 Mo. 364. In the case of *Clay Fire & Marine Insurance Company v. Manufacturing Company* (31 Mich. 346), there was a provision substantially identical with the condition of this policy. The assured had sold the property by written contract, had received the purchase money, and had put the purchaser in possession. The court held the policy void. The question, says the court, was not whether the assured had an insurable interest in the property, but whether that interest was sole, unconditional, and entire.

A fair test of the character of Ransom's interest in this property is made by an inquiry as to Sheldon's interest. If Sheldon had such an interest. that he could not be deprived of it, without his consent; if his interest

was such as would justify him in calling it his own, then, certainly, Ransom was not the *sole*, *entire*, and *unconditional* owner in fee-simple of the same property. That Sheldon had an insurable interest in the property cannot well be controverted. *Hough v. Ins. Co.*, 29 Conn. 10 ; *Martin v. Ins. Co.*, 44 N. J. Law, 273 ; *Franklin Fire Ins. Co. v. Martin*, 11 Vrooman, 568, and cas. cit. ; *Ætna Fire Ins. Co. v. Tyler*, 16 Wend. 396 ; *Lingenfelter v. Ins. Co.*, 19 Mo. App. 268. That he might properly have described the property as his under a policy of insurance, unless the policy required the true state of the title to be disclosed, is maintained by the same authorities. That he had an interest that could not have been taken from him, without his consent, is evident. It only requires a moment's reflection on these questions to show that if Sheldon had the interest in the property, as just set forth, Ransom's interest was not correctly represented.

The third part of the answer stricken out by the court charged that, during the continuance of the life of this policy, two other policies were taken out, without defendant's consent, by said Sheldon, a party interested in the property, as has been set forth, one for one thousand dollars, and the other for two thousand dollars ; that these policies were taken out with the assent of Ransom. The answer then charges that said acts avoided said policy under the following condition contained therein, viz. :

"If the assured, or any other person or parties interested, shall have existing, during the continuance of this policy, any other contract or agreement for insurance (whether valid or not) against loss or damage by fire on the property hereby insured, or any part thereof, not consented to by this company and mentioned in or endorsed upon this policy, then this insurance shall be void and of no effect."

That it is a reasonable condition to provide against further insurance, without the consent of the insurer, is everywhere agreed. Over-insurance is a temptation to

crime, and insurance companies have a right to protect themselves by such provisions. "Underwriters rely more upon the interest than the morals of the insured for protection against carelessness of owners in the preservation of the insured property, and, therefore, always leave a sufficient amount uncovered by the policy to make it the interest of the insured to take the proper care of it. To enable them to do this, it is necessary, of course, that they should be informed" of any existing or after increase of insurance, that they may assent to, or reject it. *Hutchinson v. Ins. Co.*, 21 Mo. 97. While the additional insurance in this case was not taken out by Ransom, yet it is charged to have been done by his procurement and authority. It has been shown that Sheldon had an interest in the property, and his taking out additional insurance with the consent of Ransom, which covered, as is charged, the interest insured by the policy sued on, was a violation of a condition of the policy that the defendant has a right to urge as a defence to the action.

There was an additional condition in the policy which prohibited the keeping of gunpowder or petroleum ; and defendant moved to strike out of plaintiff's reply the following, which was overruled by the court, and is assigned for error, viz. :

"That in the written portion of the policy it is written that the building was occupied as a general store ; that the clause forbidding the use or keeping of petroleum and gunpowder is among the printed conditions of said policy ; that at the time of the issuance of said policy the keeping of gunpowder in amounts of one hundred pounds, and of ten barrels of petroleum, was usual and customary in general stores, and that at the time of loss such amounts only of such articles were kept and stored in said building, as was then usual in general stores."

We are of the opinion the motion was properly denied. The policy, while providing against gunpowder and petroleum, was, nevertheless, issued on a "general

store" in which it was alleged that it was customary to keep a limited quantity of these articles in stock. Under such a policy it would be competent to show that the supply of these articles kept in this store was within the quantity usually kept in a general store. *Pindas v. Ins. Co.*, 36 N. Y. 648 ; *Archer v. Ins. Co.*, 43 Mo. 439.

The judgment is reversed and the cause is remanded. All concur.