LOUISE REITHMULLER and her Husband, Respondents, v. THE FIRE ASSOCIATION OF PHILADELPHᵀᴬ Appellant.

Kansas City Court of Appeals, December 2, 1889.

Insurance: ADDITIONAL INSURANCE: PLEADING: WAIVER: BURDEN OF PROOF. In an action on an insurance, where the answer sets up additional insurance beyond that allowed by the policy, and the reply confesses and avoids, alleging knowledge of and assent to such additional insurance, and the waiver of its endorsement on the policy, the *onus probandi* was, by the pleadings, cast upon the plaintiff to establish the waiver by showing the insurer's actual nowledge of the breach waived, or such state of facts, that it may be fairly said that it ought to have known thereof, and, in the absence of such proof, a demurrer to the evidence ought to have been sustained.

*Appeal from the Buchanan Circuit Court.*—HON. VINTON PIKE, Special Judge.

REVERSED AND REMANDED.

*James W. Boyd*, for the appellant.

(1)   It was error to refuse to instruct the jury, at the close of plaintiff's case in chief, to find for defendant.   (*a*) The answer sets up the defense of other and additional insurance held by plaintiff, not permitted by the policy sued on.   The reply admits that plaintiff did have and hold other insurance, and set up as an avoidance that the defendant waived such insurance, and the endorsement of said additional insurance on said policy. (*b*) Plaintiff introduced no evidence of any such waiver. Hence the policy sued on was void.   *Obermeyer v. Ins. Co.*, 43 Mo. 573; *Thomas v. Ins. Co.*, 119 Mass. 121; *Gee v. Ins. Co.*, 55 N. H. 65; 20 American Reports, 170; *Gale v. Ins. Co.*, 41 N. H. 170; *Jackson v. Ins. Co.*, 22 Pick. 418; *Hardy v. Ins. Co.*, 4 Allen, 217; *Lindley v. Ins. Co.*, 65 Me. 368; *Bardwell v. Ins. Co.*, 118 Mass. 465; *Carpenter v. Ins. Co.*, 16 Peter [U. S.] 49; Wood on Fire Ins., p. 586 and note; *Rothchilds v. Ins. Co.*, 62 Mo. 356. (*c*)   "Other insurance" means insurance prohibited by the policy in suit.   The reply admits that plaintiff had "other insurance." 62 Mo. 356, 362; Wood on Fire Ins., pp. 586-7, sec. 348 and note; May on Ins., pp. 552 to 557, secs. 367, 368, 369, 370, 371 and 372.

*Stephen S. Brown*, for the respondent.

The reply denied all the special defenses, and there is nothing in it to justify the statement that it afterwards admits that the plaintiff had insurance on its property, not permitted by the terms of the endorsement on her policy.

₀ SMITH, P. J.—Plaintiffs, husband and wife, commenced their suit against defendant in the circuit court of Buchanan county, on a certain policy of insurance. The petition alleged in the first count that defendant executed to Louise Reithmuller its policy of insurance,

on the thirteenth of October, 1881, by which defendant insured her for one year in the sum of one thousand dollars, against loss or damage by fire, on her stock of millinery goods. That, on February 20, 1882, said goods were damaged by fire to the amount of thirty-one hundred and forty dollars, and that notice of said fire was given to defendant. They ask judgment on this count for one thousand dollars. The second count is on the same policy, and alleges that said goods were, on March 22, 1882, damaged by fire to the extent of fifty-five hundred dollars, and they ask judgment on this count for one thousand dollars.

The answer was as follows

Defendant, for answer to both counts, states that by the terms and conditions contained in said alleged policy, agreed to by said plaintiff, Louise Reithmuller, when she obtained said alleged policy, it is provided and agreed between said plaintiff and defendant, that said plaintiff might, at the time she obtained said alleged policy, and during the time it was, by its terms, to exist, to-wit, one year, have and hold, on the property described in said alleged policy, other concurrent insurance to the amount of eight thousand dollars, and no more,—said alleged policy containing the following clause, and stipulation and condition, subject to which plaintiff obtained said alleged policy, to-wit, "eight thousand dollars other concurrent insurance permitted," said other insurance, to the amount of eight thousand dollars. being all the insurance over and additional to the alleged policy sued on, which said plaintiff was, or is, by the terms of said policy, permitted to have or hold on said property, or any part of it, at the time she obtained said policy, or during its existence. That by the warranties, terms and conditions contained in said alleged policy, subject to which plaintiff obtained it, it is further agreed and stipulated, by and between said plaintiff and the defendant, and warranted by said plaintiff, that if

said plaintiff had, at the time said alleged policy was dated and delivered to her, or should thereafter obtain, any other policy or agreement for insurance on the property mentioned in said alleged policy sued on, or any part of it, over and above the aforesaid amount of concurrent insurance, permitted by the terms of said alleged policy, to-wit, eight thousand dollars, whether such other or additional insurance should be valid or not, then the alleged policy sued on should be void, unless defendant's consent in writing for said plaintiff to have and hold such other and additional insurance should be endorsed by defendant on the alleged policy sued on, said warranty and stipulation in said alleged policy sued on being as follows: "Warranty of the assured: This policy shall become void unless consent in writing is endorsed by the association hereon, in each of the following instances, namely: * * * 'If the assured have, or shall hereafter obtain, any other policy or agreement for insurance, whether valid or not, on the property above mentioned, or any part thereof.'"

The defendant alleges that all the aforesaid warranties, terms and conditions in said alleged policy were entirely disregarded, and were violated by said plaintiff at the time she obtained said alleged policy, and afterwards, as follows: That, at the time said plaintiff obtained said alleged policy, she had, and held, other policies of insurance on the property mentioned in said alleged policy, sued on, to the amount of nine thousand dollars, in addition to the alleged policy, sued on, without any knowledge, on the part of defendant, of the existence of said policies, or any one of them, and without any consent, on the part of defendant, and without defendant's consent in writing, endorsed on the said alleged policy, sued on; that said policies of insurance, held on said property, by said plaintiff, at said time, making said aggregate of nine thousand dollars, of other insurance, on said property, were executed to her by the following companies, and for amounts as follows:

One policy, dated October 28, 1880, executed by
the American Central Insurance Company,
of St. Louis, for.... ..................................$1,000 00

One policy, dated October 12, 1881, executed
by the Ætna Insurance Company, of Hart-
ford, Connecticut, for .... ..............$1,000 00

One policy, dated about October 6, 1881, exe-
cuted by the Home Insurance Company, of
New York, for.........................$2,000 00

One policy, dated September 2, 1881, executed
by the Continental Insurance Company, of
New York, for .........................$1,000 00

One policy, by the Fireman's Insurance Com-
pany, of Dayton, Ohio, dated about April,
1881, for................................$1,000 00

One policy, dated September, 1881, executed
by the Phœnix Insurance Company, of
London, for............................$1,000 00

One policy, dated about March 23, 1881, exe-
cuted by the New Hampshire Insurance
Company, for........... ................$1,000 00

One policy, dated October 1, 1881, executed by
the Insurance Company of North America,
for................................... ........$1,000 00

One policy, dated October 10, 1881, executed
by the Ætna Insurance Company, of Hart-
ford, for................................$1,000 00

That all of said policies were, by their respective
terms, to endure for one year from their respective
dates; that said plaintiff did not, at the time she
obtained the alleged policy, sued on, nor at any time,
inform defendant that she had, and held, said policies,
or any one of them, and defendant did not have, at the
time plaintiff obtained from it said policy, nor at any
time prior to the last-alleged fire, any knowledge of the
existence of any one of said policies; that defendant
did not, at the time defendant obtained the alleged

policy, sued on, nor at any time, consent that said plaintiff might have, or hold, any of said policies, and defendant never, at any time, endorsed its consent, for the plaintiff to hold said policies, or any of them, on said alleged policy, sued on.

That plaintiff continued to hold all the aforesaid policies, without the knowledge or consent of defendant, from a time prior to the date of the alleged policy, sued on, until after the last fire alleged in the petition, except the said policy executed by the American Central Insurance Company, which policy expired about October 28, 1881, on which date said American Central Insurance Company executed to said plaintiff another policy of insurance, by which it insured her, in the sum of one thousand dollars, against damage, or loss, done to said property by fire, during one year from said date; that she obtained said last-mentioned policy without the knowledge or consent of the defendant, and without any consent, in writing, of defendant, endorsed on said alleged policy, sued on, and she continued to hold said policy until after the alleged date of the last fire, alleged in the petition, without any knowledge or consent, on the part of defendant, and without defendant's consent, for her to have or hold it, endorsed on the alleged policy, sued on, in writing or otherwise. The defendant did not, at the time said plaintiff obtained the alleged policy, sued on, nor at any time prior to the last fire, alleged in the petition, know that plaintiff had or held, or obtained, insurance on said property, in any sum over, or above, the amount of concurrent insurance permitted, by the terms of said policy, sued on, to-wit: eight thousand dollars, nor did defendant ever, at any time, consent for said plaintiff to have or hold, or obtain, any other insurance on said property, over or above said amount of eight thousand dollars, nor did defendant ever endorse on the alleged policy, sued on, any consent, on its part, in writing, or in any other

way, for said plaintiff to have, or hold, or obtain, any other insurance on said property, over and above the aforesaid amount of insurance thereon, expressly permitted by the aforesaid terms of the alleged policy, sued on; defendant therefore says that the alleged policy, sued on, was, when obtained by said plaintiff, is now, and ever since said time has been, absolutely null and void.

The replication, besides being a general denial, contained the following allegations in confession and avoidance. Plaintiff admits that, at the time of the happening of the fire, mentioned in the first count of plaintiff's petition, there was other insurance on the property mentioned and described in said policy of insurance, but alleges that the same was not in excess of the amount permitted and allowed by defendant; that defendant was fully aware of the amount of insurance on said property at the time they issued their said policy of insurance to said Louise Reithmuller, and prior to, and at the time of, the happening of the respective fires thereunder, had full information thereof, and, with full knowledge of all the facts in the premises, made no objection, but consented thereto, and then and there, and at the time, and with full knowledge of all the facts in the premises, waived the giving notice by the assured, of such additional insurance, and then and there, with a full knowledge of all the facts in the premises, waived the endorsement of said insurance on said policy.

The plaintiff, to maintain the issue, introduced J. W. Boyd as a witness, and proved by him, that the original policy sued on, filed with the petition, was afterwards burned up in the court house fire, which occurred March 28, 1885.

On cross-examination, said witness testified that, at the former trial of this case, a number of insurance policies which plaintiff, Louise Reithmuller, held at the

time she obtained the policy sued on, and which she held at the time of the alleged fires, were here present in court, and it was admitted at that trial that she held those policies, and they were read in evidence then. Those policies, except the one in the Phœnix Insurance Company, were burned up in the office of witness when it was destroyed by fire, March 28, 1885.

It was admitted at that trial that said plaintiff held those policies at the time she got the policies sued on, and at the time of the first fire, February 20, 1882. They were read in evidence at the former trial, because she admitted that she held them at those times. These policies show that she held eight thousand dollars of insurance, in addition to the Phœnix policy, on the goods mentioned in the policy sued on, when she obtained the policy sued on, and at the time of the first fire, exclusive of the policy sued on.

It was admitted in open court by the parties to this suit, that the transcript of the record of this case, including the evidence at the former trial of this case, and which said transcript was filed in the said Kansas City Court of Appeals, was by agreement of the attorneys in this case, and the permission of the court, brought here to be used in evidence at this trial, as far as admissible. It was then admitted, that all the original papers in this case were burned up March 28, 1885.

Plaintiff then read in evidence, from said transcript, the testimony of Martin Collins. He testified that Lewis & Son, at St. Joseph, were local agents of defendant, having authority to issue policies, renewals, receive money for same, and to send same to general agent. That said local agents were not, at any time, authorized in any respect, or in any way, to adjust any loss or to do anything connected with an adjustment of any loss.

Plaintiff then read in evidence from "said transcript" a copy of the alleged policy sued on, as it

appears in said transcript. By said transcript said policy appears to have been for one thousand dollars, dated October 13, 1881, was for one year, and covers plaintiff's stock of millinery goods. It also contains all the terms and conditions set out and alleged in defendant's answer. Plaintiff then testified, that she was plaintiff, that she held the alleged policy, that she had a fire on February 20, 1882, by which said goods were damaged, and another fire on March 22, 1882, by which said goods were damaged. Plaintiff called several witnesses who testified as to the damage done said goods by the alleged fires. Plaintiff was then recalled on her own behalf. She was asked the following question:

*Q.* "At the time Mr. Lewis delivered this policy of insurance, how much insurance did you have on the goods then in your house?" *Answer.* "I had nine thousand dollars. I took out no more from that time to the first fire. I had a thousand dollars of insurance on picture frames and steel engravings, across the street." Defendant then asked the court to give the following instructions to the jury, to-wit:

"1. The court instructs the jury, that, under the pleadings and evidence in this case, plaintiff is not entitled to recover, and they will find for defendant," which instruction was by the court refused, and to which defendant saved its exceptions.

The defendant thereupon introduced evidence, tending to show that the plaintiffs had intentionally set fire to the house which contained the goods covered by the policy sued on.

Defendant further introduced in evidence a policy of insurance in the Phœnix Insurance Company to plaintiff, dated September 11, 1881, whereby the plaintiffs were insured for one year in the sum of *one thousand dollars* against loss by fire on the goods mentioned in the petition. The defendant, by consent, then read in evidence, an application for a continuance

of the cause made at a previous term of the court, wherein was stated what one, Corby, would testify in the case, were he present. Defendant also read, in evidence, the proof-of-loss proofs furnished by plaintiffs to the Phœnix Insurance Conpany, which was sworn to by plaintiff, and in which she stated that, at the date of the fire of February 22, 1881, she had insurance on her goods amounting to ten thousand dollars. Defendant also read, in evidence, the policies of insurance themselves, showing that the plaintiff had nine thousand dollars' insurance on the goods mentioned in the petition at the time of the issue to her of the policy sued on.

This, according to the abstract, is substantially all the evidence in the case. The defendant again asked the court to declare that, upon the pleadings and evidence, the plaintiff was not entitled to recover, which the court refused, and to which action of the court the defendant saved its exception.

There were other instructions asked; some of which were given and some refused, but in view of the disposition which we shall make of the case, they need not be noticed here. The jury found for plaintiffs on both counts of the petition upon which there was judgment, from which defendant appealed.

I. The main contention of the defendant here is that the instruction in the nature of a demurrer to the plaintiff's evidence, twice asked, and as many times refused by the circuit court, should have been given.

It has several times been decided in this state that a substantial breach of the conditions of a policy of insurance, similar to those pleaded in the defendant's answer will render the policy void. *Hutchinson v. Ins. Co.*, 21 Mo. 97; *Deitz v. Ins. Co.*, 38 Mo. 85; *Horwitz v. Ins. Co.*, 40 Mo. 555; *Hayward v. Ins. Co.*, 52 Mo. 181; *Pilkington v. Ins. Co.*, 55 Mo. 172; *Rothschild v. Ins. Co.*, 62 Mo. 356; *Carr v. Ins. Co.*, 2 Mo. App. 466; *Barnard v. Ins. Co.*, 27 Mo. App. 26. These authorities establish

the doctrine that any existing or after increase of the amount of the insurance in excess of the amount permitted by the terms and conditions of the policy will invalidate it. And it is now the settled law of this state, though formerly otherwise (21 Mo. 97, *supra*), that the conditions in a policy analogous to those in the one under consideration may be waived by the company, and that the waiver may be made as well by acts as by positive declarations, and that the company may be estopped under certain circumstances, when by a course of dealing on its open action it has induced the assured to pursue a policy to his detriment. *Hayward v. Ins. Co.*, 52 Mo. 95; *Pilkington v. Ins. Co.*, 55 Mo. 172; *Franklin v. Ins. Co.*, 42 Mo. 456; *Combs v. Ins. Co.*, 43 Mo. 148; *Northrup v. Ins. Co.*, 47 Mo. 435.

The answer alleged, amongst other breaches of the conditions of the policy in issue, that the plaintiff at the time she procured it, and at the time of the happening of the said fires, had and held without the knowledge or consent of defendant other policies on the property covered by it to the amount of nine thousand dollars. The replication contained a confession and avoidance. It was confessed thereby that at the time of the happening of the fire there was other insurance on said property, but alleged, in avoidance of the effect of the fact so confessed, that the same was not in excess of the amount permitted and allowed by defendant, because it was fully aware of the amount of insurance had and held by the plaintiff on said property before, and at the time of, the happening of said fires, and had full information and knowledge thereof, and with a full knowledge of all the facts in the premises made no objection but consented thereto, and then and there "waived the giving of notice by the assured of such additional insurance," and then and there "waived the endorsement of said insurance on the said policy."

Reithmuller v. Fire Ass'n of Philadelphia.

Upon this state of the pleadings we think the defendant's case stood admitted. The *onus probandi* was, by this state of the pleadings, cast upon the plaintiff.

Unless she adduced evidence tending to prove the facts constituting the waiver, pleaded by her in avoidance of the defense confessed, she was not entitled to recover. This becomes necessary for her to do under the pleadings, in order to make out her *prima facie* case. There was no evidence introduced, at any stage of the trial, in any way tending to show that the defendant had full knowledge of said additional insurance, or of any of the facts respecting the same, or that there was any consent or acquiescence therein by defendant, or that the defendant had in any way waived the breach of the policy.

The rule is that in order to establish a waiver by the insurer its actual knowledge of the breach waived must be established, or proof of such a state of facts that it may be fairly said that it ought to have known thereof. *Finley v. Ins. Co.*, 31 Pa. St. 311; *Allen v. Ins. Co.*, 12 Vt. 366.

It follows from what we have observed that the instruction in the nature of a demurrer asked by the defendant should have been given by the court.

In this view it becomes unnecessary for us to notice the other errors which have been assigned, as they, if errors at all, are not such as are likely to be repeated at another trial of the case. The judgment of the circuit court will be reversed, and the cause remanded. All concur.