LOUISA DEAN, Respondent, v. FIRE ASSOCIATION, OF PHILADELPHIA, Appellant.

Kansas City Court of Appeals, February 24, 1896.

1. **Trial Practice**: NEW TRIALS : WEIGHT OF EVIDENCE.    Under former rulings of the supreme court the trial court can not grant a second new trial on the ground that the verdict is against the weight of the evidence no matter upon what ground the first new trial may have been granted; but under the late case of *Kreis v. Railroad*, 33 S. W. Rep. 64, the trial court is authorized to grant one new trial on the ground that the verdict was against the weight of the evidence, though other new trials may have been granted for other reasons.

2. ——: ——: ——.    It is not only the right but the duty of the trial court to supervise the verdicts of juries and grant new trials if the verdict is in their opinion against the weight of the evidence, though there may be substantial evidence tending to sustain the verdict.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

REVERSED AND REMANDED.

*Jas. W. Boyd* and *Benj. Phillip* for appellant.

(1)   The verdict of the jury on each of the above issues of fact is against the great weight of the evidence.   The trial court, in its opinion on motion for new trial, found that the verdict was against the evidence.   The assignment of error in the motion for a new trial was ruled against appellant solely because the trial court believed that it had no right to set aside a verdict which is against the weight of the evidence, if there was any substantial evidence to support it.   This is not the law.   The law in this state is that it is "not only the right but the duty of circuit courts to supervise the verdicts of juries and grant new trials, if the verdict is, in their opinion, against the weight of evidence." And this doctrine was announced in a case in which the trial court granted a new trial where there was "substantial conflict in the evidence." *Bank v. Wood*, 124 Mo. 76; *Spohn v. Railroad*, 87 Mo. 74; *Garrett v. Greenwell*, 92 Mo. 125; *Whitsett v. Ransom*, 79 Mo. 258; R. S. Mo. 1889, sec. 2241; *McKay v. Underwood*, 47 Mo. 187; *McDonough v. Nicholson*, 46 Mo. 35; *Eidelmiller v. Kemp*, 61 Mo. 342; *Cook v. Railroad*, 56 Mo. 384; 1 McQuillin's Pl. and Pr., sec. 915, cases cited. But in this case there was no substantial evidence in favor of the plaintiff.   (2)   The trial court was in error in holding that it had no right to pass on the weight of the testimony.   That rule is applicable in appellate courts and then only in ordinary cases at law. "Constant complaints are reaching us that in some circuits the rule here adopted is followed and that the judges consider themselves bound thereby.   But this is founded in an entire misapprehension.   *   *   * Where the trial court is of the opinion that the verdict is not supported by the evidence or is against the

weight of evidence it should never hesitate in exercising the powers and giving the aggrieved party a new trial." *Bank v. Armstrong*, 92 Mo. 281; *Reed v. Ins. Co.*, 58 Mo. 429, 430. (3) Nor does the fact that the trial court has the power to set aside the verdict of a jury, because it is against the evidence, in any way militate against the right of trial by jury, because, among other reasons, under the statute the court has the power to set aside the verdict of a jury on that ground but once. R. S. Mo. 1889, sec. 2241; *McFarland v. Acc. Ass'n*, 124 Mo. 204.

*Brown & Pratt* and *Dowe, Johnson & Rusk* for respondent.

(1) The statute provides that only one new trial shall be allowed to either party except where the triers of fact shall have erred in a matter of law, or when the jury shall be guilty of misbehavior. R. S. 1889, sec. 2241. When, as in the case at bar, issues are repeatedly submitted to a jury with the same result, neither the trial court nor the appellate court will interfere, on the ground that the verdict is against the weight of the evidence. *Spohn v. Railroad*, 122 Mo. 1. All the issues in this case have been submitted to three different juries, and decided in plaintiff's favor by all of them. This should be conclusive as to whether or not these facts were supported by the weight of evidence. *Spohn v. Railroad*, 116 Mo. 617; 122 Mo. 1. (2) The granting or refusing of a new trial on the ground that the verdict is against the weight of evidence, lies in the discretion of the trial judge, and his discretion will rarely be interfered with unless it plainly appears that injustice has been done, or that it has been unsoundly or arbitrarily exercised. *Bank v. Armstrong*, 92 Mo. 265; *McDonough v. Nicholson*, 46 Mo.

35; *Price v. Evans,* 49 Mo. 396; *McKay v. Underwood,* 47 Mo. 185; *Jackson v. Railroad,* 20 Mo. App. 495; *Gaslight Co. v. Ins. Co.,* 33 Mo. App. 348. (3) The trial court should not grant a new trial on the ground of the weight of evidence unless the verdict is unsupported by substantial evidence, or is the result of passion or prejudice. Where the trial court finds as in the case at bar, that the verdict was supported by strong and substantial evidence, it is immaterial that he believed the weight of the evidence to be against the verdict. And having in the exercise of his discretion overruled the motion for a new trial, the appellate court should let the verdict stand whether the trial court, in his reasons given for his action, correctly interpreted the law or not. The law does not require the trial court to give his reasons for overruling a motion for a new trial and they are immaterial. R. S. 1889; section 2241; *Culbertson v. Hill,* 87 Mo. 553.

GILL, J.—This is a case of long standing in the courts. It was begun in 1882; has been twice brought here by the defendant (20 Mo. App. 246, and 38 Mo. App. 118); and is now here again on appeal by the same party. At former hearings, two judgments in favor of the plaintiff have been, in their order, reversed and new trials awarded because of errors by the circuit court committed during the progress of the trials. At the last, or third trial, where plaintiff again had a verdict, defendant moved for a new trial which was refused by the court.

The matter most relied on for a reversal of this third judgment for plaintiff, is that the court below declined to set the verdict aside and grant a new trial, when such verdict was clearly against the weight of the evidence and so declared by the judge when passing on defendant's motion therefor. On this point we have been

furnished with able and elaborate printed arguments by defendant's counsel, tending very strongly to sustain the contention that the preponderance of the evidence was against the plaintiff's right to recover, and that it was the duty of the lower court, when it so found, to award a new trial.

But, in view of section 2241, Revised Statutes, 1889, and the constructions thereof announced by our supreme court, we must hold that the circuit judge committed no error in denying defendant a fourth trial of the case on the alleged ground that the verdict was against the weight of the evidence. "Only one new trial" says the statute, "shall be allowed to either party, except: *First*, where the triers of the fact shall have erred in a matter of law; *second*, when the jury shall be guilty of misbehavior," etc. The supreme court has said that the restrictions of this statute do not apply in cases where the court, during the trial, has itself committed error in instructing the jury, or in admitting or rejecting testimony. *Boyce's Adm. v. Smith's Adm.*, 16 Mo. 317; *State ex rel. v. Horner*, 86 Mo. 71; *McShane v. Sanderson*, 108 Mo. 316. These errors of the court are treated as a necessary qualification to the foregoing section for which there is no limit to the power of the court in granting new trials. After discussing the question, Judge BLACK, in *McShane v. Sanderson*, thus declares the opinion of the court:

"The matter, therefore, comes to this: The circuit court may award new trials without limit for these reasons: *First*, for prejudicial errors committed by the court; *second*, where the triers of fact have erred in a matter of law; *third*, when the jury shall be guilty of misbehavior. But these grounds do not cover the entire field of new trials. Thus the circuit court may award a new trial for the reason that the verdict is against the weight of the evidence, and this, too,

Dean v. Fire Ass'n.

though there is sufficient evidence to send the case to the jury. The action of the circuit court in granting a new trial on such a ground is not reviewable by this court. *But the statute denies the trial court the right to award a second new trial on any such ground.* One new trial having been granted to a party, *no matter for what reason*, the power to award that party other new trials is exhausted, except for some of the causes before mentioned, as to which we have said there is no limit to the number that may be awarded. A verdict against the weight of the evidence is not one of these excepted causes."

The decision just quoted from settles this case. It stands unqualified and unreversed and we are bound to conform our rulings thereto. The defendant, in the case at bar, has already been awarded two new trials; and under the foregoing statute, as above construed, it is not entitled to another on the ground that the verdict is against the weight of evidence. Nor will this rule be varied, because before the last trial plaintiff amended her reply, so as to change in one particular one of the issues of the case. It is yet the same cause of action, the same case; the defendant has had all the chances for a verdict allowed by the express terms of the statute. This litigation is now at an end. There is nothing else in the record deserving mention and the judgment must be affirmed. All concur.

### SUPPLEMENTARY OPINION.

GILL, J.—After the foregoing opinion was announced, but before the expiration of the ten days allowed for motions for rehearing, defendant's counsel have, in a proper motion, shown us that the supreme court has lately overruled *McShane v. Sanderson* and now announces the law as follows: "Our conclusion

is that a proper construction of the statute gives the trial court the right to grant to either party one new trial on the ground of the insufficiency of the evidence to support the verdict of the jury, regardless of the number of new trials that may have been granted to each party upon other grounds." *Kreis v. Railroad*, 33 S. W. Rep. 64–67.

Following, then, this last announcement, we must recede from the rule already predicated on the *McShane* case and adopt the views of this late decision. We now hold that the trial court was, under the law, authorized to grant a new trial of the case at bar, on the ground that the verdict was against the weight of the evidence.

In passing on the motion for new trial, the circuit court embodied in the record the views entertained by it in respect to the weight of evidence. In emphatic terms the court declared in effect that the great preponderance of evidence showed that plaintiff had insurance on her property in excess of the amount limited in the policy. But the court declined to exercise its discretion to set aside the verdict, even though it found it unsupported by the testimony; because, it was said there was a *scintilla* of evidence to support it. The court, in substance, held that it had no power to set aside the verdict and grant a new trial in cases where there was any substantial evidence tending to sustain such finding.

This was a clear misconception of the court's duty. As said in *Bank v. Wood*, 124 Mo. 72–76, "circuit courts have large discretion in the matter of granting new trials, particularly upon the ground that the verdict is against the weight of the evidence. This court has often ruled that, in law cases, where there is a conflict in the evidence, it would not review it and determine its weight; and it has as often declared it to be

*not only the right, but the duty, of circuit courts* to supervise the verdict of juries and grant new trials, if the verdict is, *in their opinion*, against the weight of evidence.''

We have read the entire record in this case and can well see why the trial judge should conclude that the weight of the evidence was with the defense. It seems difficult to account for the verdict except on the basis of partiality or prejudice on the part of the jury.

The order of this court, heretofore made, affirming the judgment will be set aside and the judgment of the circuit court will be reversed and cause remanded.

All concur.